# EXHIBIT 1

{}

Electronically Filed
Kinnis Williams, Sr.
Circuit Clerk
Cheri Johnson
2025LA000175
St. Clair County
2/12/2025 10:20 AM
31379214

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

ANTHONY DESPARROIS, individually )
and on behalf of all others similarly situated, )
                                 )
           Plaintiff,            )
                                   )
     v.                             )   Case No.    **2025LA000175**
                                   )
CHERVON NORTH AMERICA, INC.,     )   **JURY TRIAL DEMANDED**
                                   )
**Issue Summons to Sheriff of DuPage**   )
**County, Illinois to serve Registered Agent**:)
          Mike Clancy               )
          1203 East Warrenville Road    )
          Naperville, IL 60563         )
                                   )
          and                         )
                                   )
LOWE'S HOME CENTERS, LLC,       )
                                   )
**Issue Summons to Sheriff of Sangamon** )
**County, Illinois to serve Registered Agent**:)
          Illinois Corporation Service Co.   )
          801 Adlai Stevenson Drive     )
          Springfield, IL 62703-4261    )
                                   )
          Defendants.          )

## CLASS ACTION COMPLAINT

      Plaintiff, Anthony Desparrois ("Plaintiff"), individually and on behalf of all others

similarly situated, respectfully submits the following Complaint against Defendants Chervon

North America, Inc., ("Chervon") and Lowe's Home Centers, LLC ("Lowe's") (collectively "Defendants")

and alleges upon personal knowledge as to himself and his own acts and experiences and, as to all

other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

    1.      Plaintiff brings this class action lawsuit as an individual who purchased Defendant

Case No._____

Chervon's SKIL PWRCORE 40 Lithium 5.0Ah 40V Batteries (hereinafter "Products" or "Batteries") for normal household use.

2.      Unfortunately, the Products are defective because they can catch fire.[1] The design of the Products result in Batteries that heat up and catch fire. The Products were formulated, designed, manufactured, marketed, advertised, distributed, and sold by the Defendants. The Products include:

SKIL brand 40V 5.0Ah Lithium-Ion Batteries that were manufactured before May 1, 2021. "SKIL" and "PWRCORE 40" are printed on the batteries. The recalled batteries were sold individually under the model number BY8708-00 for use with all SKIL 40V tools and were also sold in a combination kit with SKIL 40V Brushless 20-in Push Mowers (Model #PM 4910-10) or SKIL 40V Brushless 20-in Self-Propelled Mowers (Model #SM4910-10). Only the battery is recalled. The model number BY8708-00 and manufacturing date code, which is the first three digits of the 9-digit serial number, are located on a nameplate on the top of the battery pack near the battery terminals.[2]

3.      The following manufacturing date codes are included in the recall.[3]

---

[1] https://www.cpsc.gov/Recalls/2025/Chervon-North-America-Recalls-SKIL-40V-50Ah-Lithium-Ion-Batteries-for-SKIL-Lawnmowers-and-Outdoor-Tools-Due-to-Fire-and-Burn-Hazard
[2] Id.
[3] Id.

Case No._____

| Date Code (in Serial Number) | Manufacturing Date |
|---|---|
| 911XXXXXX | Nov-19 |
| 912XXXXXX | Dec-19 |
| 026XXXXXX | Jun-20 |
| 027XXXXXX | Jul-20 |
| 028XXXXXX | Aug-20 |
| 029XXXXXX | Sep-20 |
| 030XXXXXX | Oct-20 |
| 031XXXXXX | Nov-20 |
| 121XXXXXX | Jan-21 |
| 122XXXXXX | Feb-21 |
| 123XXXXXX | Mar-21 |
| 124XXXXXX | Apr-21 |

4.      Each of the Products is manufactured, distributed, marketed, and sold by Defendants to consumers across the United States. The Products are sold at Lowe's and other hardware and home improvement stores nationwide and online at Amazon.com, Walmart.com and Lowes.com.

5.      The Product is defective because each individual lithium-ion battery can overheat and catch on fire. Despite this known fire risk, Defendants represented that the Products were safe and effective for their intended use.

6.      Other manufacturers formulate, produce, and sell non-defective Batteries with formulations and production methods that do not cause the products to catch fire, which is evidence that the fire risk inherent with Defendants' Products is demonstrably avoidable.

7.      Feasible alternative formulations, designs, and materials are currently available and were available to Defendants at the time the Products were formulated, designed, and manufactured.

8.      Plaintiff purchased the Product, while lacking the knowledge that Product could catch fire, thus causing serious harm to those who use such Products.

Case No._____

9.   All consumers who purchased the worthless and dangerous Products have suffered losses.

10.   As a result of the above losses, Plaintiff seeks damages and equitable remedies on behalf of himself and the putative class.

## PARTIES

11.   Plaintiff Anthony Desparrois is a resident and citizen of Chicago, Illinois. Chicago is located within Cook County.

12.   Plaintiff purchased one of the Defendants' recalled Products.

13.   Defendant Chervon North America, Inc., is a foreign corporation organized and existing under the laws of the State of Delaware, with a principal place of business located at 1203 East Warrenville Road, Naperville, Illinois 60563.

14.   Defendant Lowe's Home Centers, LLC is a foreign limited liability company organized under the laws of the State of North Carolina and registered to do business in the state of Illinois.

15.   Upon information and belief, the planning and execution of the advertising, marketing, labeling, packaging, testing, and/or corporate operations concerning the Products and the claims alleged herein were primarily carried out at Defendant's Chervon's headquarters and facilities within Illinois.

## JURISDICTION AND VENUE

16.   This Court has subject matter jurisdiction over this matter pursuant to the Illinois Constitution and the Illinois Code of Civil Procedure because the claims asserted herein arise under Illinois law and involve civil matters properly adjudicated in this Court.

17.   This Court has personal jurisdiction over Defendant Chervon North America, Inc.

Case No._____

because: 1) Chervon North America, Inc. is authorized to do business in Illinois and has its principal place of business in Illinois; 2) Chervon North America, Inc. conducts substantial and continuous business in Illinois by placing its products, including lithium-ion batteries, into the stream of commerce, where they are sold in St. Clair County through retail locations such as Lowe's Home Centers, LLC; and 3) the claims in this action arise from Chervon North America Inc.'s business activities in Illinois.

18.    This Court has personal jurisdiction over Defendant Lowe's Home Centers, LLC because: 1) Lowe's Home Centers, LLC is a foreign limited liability company organized under the laws of the state of North Carolina and registered to do business in Illinois; 2) Lowe's Home Centers, LLC owns and operates retail stores located at 2501 Green Mt Commons Dr, Belleville, IL 62221, and 6211 N. Illinois St., Fairview Heights, IL 62208, St. Clair County, Illinois; and 3) the claims in this action arise from Lowe's Home Centers, LLC's business operations in St. Clair County, including the sale of products manufactured by Defendant Chervon North America, Inc.

19.    Venue in this Court is proper pursuant to 735 Illinois Compiled Statutes § 5/2-101 and 735 Illinois Compiled Statutes § 5/2-102 because: 1) Defendant Lowe's Home Centers, LLC conducts substantial and continuous business in St. Clair County, Illinois by owning and operating retail stores located at 2501 Green Mt Commons Dr., Belleville, IL 62221, and 6211 N. Illinois St., Fairview Heights, IL 62208,  both which are situated in St. Clair County; and 2) Defendant Chervon North America Inc. conducts business in St. Clair County by placing its products, including lithium-ion batteries, into the stream of commerce for sale in St. Clair  County; and 3) both defendants conduct business activities in St. Clair County that directly relate to the claims in this action, making St. Clair County a proper venue.

## FACTUAL ALLEGATIONS

20.    The Products at hand are lithium-ion batteries used for charging an array of tool

Case No._____

applications.

21.    In more detail, these products were made in China and imported by Chervon North America, Inc.

22.    The Consumer Product Safety Commission has received 100 reports of thermal incidents involving the batteries including overheating, melting, smoking and fire. These included eight reports of minor burns and/or smoke inhalation and 49 reports of related property damage.

23.    The recalled batteries were sold individually under the model number BY8708-00 for use with all SKIL 40V tools.[4]



Recalled SKIL 40V 5.0Ah Battery, model BY8708-00

***Defendants' Misrepresentations and Omissions are Actionable***

24.    Plaintiff bargained for a Product that was safe to use. Defendants' fire prone Products were, and are, unsafe. As a result of the risk of fire, Plaintiff, and all others similarly situated, were deprived the basis of their bargain given that the Defendants sold them a product that could overheat and spontaneously ignite or catch fire. This dangerous fire risk inherent to the

---

[4] *Id.*

Case No._____

Products renders them unmerchantable and unfit for their normal intended use.

25.     The Products are not fit for their intended use by humans as they expose consumers to a fire hazard. Plaintiff is further entitled to damages for the injury sustained in being exposed to such danger, damages related to the Defendants' conduct, and injunctive relief.

26.     Plaintiff seeks to recover damages because the Products are adulterated, defective, worthless, and unfit for human use due to the risk of catching fire.

27.     The Defendants engaged in fraudulent, unfair, deceptive, misleading, and/or unlawful conduct stemming from its omissions surrounding the risk of catching fire affecting the Products.

28.     Indeed, no reasonable consumer, including Plaintiff, would have purchased the Products had they known of the material omissions of material facts regarding the possibility of the Products overheating and catching on fire.

### PLAINTIFF'S FACTUAL ALLEGATIONS

29.     Plaintiff bought a SKIL battery for personal use.

30.     On the date of the Products' recall by Chervon, December 19, 2024, Plaintiff was in possession of the Defendants' product. Plaintiff intended to purchase a Product that would be safe for normal use, but instead was sold a dangerous fire hazard that eventually overheated and melted.

31.     If Plaintiff had been aware of the risk fire in the Products, he would not have purchased the Product or would have paid significantly less.

32.     As a result of the Defendants' actions, Plaintiff has incurred damages.

33.     If the Products and packaging were reformulated to be safe and avoid overheating and sudden ignition, Plaintiff would choose to purchase the Products again in the future.

Case No._____

## CLASS ACTION ALLEGATIONS

34.     Plaintiff brings this case as a class action pursuant to 735 Illinois Compiled Statutes

§ 5/2-801 on his own behalf and as the Class representatives on behalf of the following:

> **Nationwide Class:** All persons within the United States who purchased the Products within the applicable statute of limitations.

> **Illinois Subclass:** All persons within Illinois who purchased the Products within the applicable statute of limitations.

35.     The Nationwide Class and Illinois Subclass shall collectively be referred to herein

as the "Classes."

36.     Plaintiff reserves the right to amend the Class definitions if further investigation

and discovery indicate that the Class definitions should be narrowed, expanded, or otherwise

modified.

37.     Excluded from the Classes are governmental entities, Chervon North America, Inc.,

Lowe's Home Centers, LLC, and its officers, directors, affiliates, legal representatives, and

employees.

38.     This action has been brought and may be maintained as a class action under 735

Illinois Compiled Statutes § 5/2-801.

39.     **Numerosity** – 735 ILCS § 5/2-801(1). The Classes number at least in the thousands

of persons. As a result, joinder of all Class Members in a single action is impracticable. Class

Members may be informed of the pendency of this class action through a variety of means,

including, but not limited to, direct mail, email, published notice, and website posting.

40.     **Existence and Predominance of Common Questions of Law and Fact** – 735

ILCS § 5/2-801(2). There are questions of fact and law common to the Classes that predominate

over any question affecting only individual members. Those questions, each of which may be

certified include without limitation:

Case No._____

a.   Whether the Defendants' advertising, merchandising, and promotional materials directed to Plaintiff were deceptive regarding the risks posed by the Products;

b.   Whether the Defendants made representations regarding the safety of the Products;

c.   Whether the Defendants omitted material information regarding the safety of the Products;

d.   Whether the Defendants' Products were merchantable;

e.   Whether the Defendants violated the consumer protection statutes invoked herein;

f.   Whether the Defendants' conduct alleged herein was fraudulent; and

g.   Whether the Defendants were unjustly enriched by sales of the Products.

41.    The questions set forth above predominate over any questions affecting only individual persons concerning sales of Chervon's Products throughout the United States and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of Plaintiff's claims.

42.    **Typicality** – Plaintiff's claims are typical of those of the Classes in that the Class Members uniformly purchased Chervon's Products and were subjected to Chervon's uniform merchandising materials and representations at the time of purchase.

43.    **Adequacy** – 735 ILCS § 5/2-801(3). Plaintiff is an adequate representative of the Classes because he is a member of the Classes, and his interests do not conflict with the interests of the Classes that he seeks to represent. The interests of the members of the Classes will be fairly and adequately protected by Plaintiff and his undersigned counsel. Counsel is experienced in the litigation of civil matters, including the prosecution of consumer protection class action cases.

44.    **Superiority** – 735 ILCS § 5/2-801(4). A class action is the appropriate method for the fair and efficient adjudication of this controversy. The presentation of separate actions by

Case No._____

individual Class Members could create a risk of inconsistent adjudications, establish incompatible standards of conduct for the Defendants, and/or substantially impair or impede the ability of Class Members to protect their interests.  In addition, it would be impracticable and undesirable for every member of the Classes who suffered an economic loss to bring a separate action.  The maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class Members.

45.     **Insufficiency of Separate Actions** – Absent a representative class action, members of the Classes would continue to suffer the harm described herein, for which they would have no remedy. Even if separate actions could be brought by individual consumers, the resulting multiplicity of lawsuits would cause undue burden and expense for both the Court and the litigants, as well as create a risk of inconsistent rulings and adjudications that might be dispositive of the interests of similarly situated purchasers, substantially impeding their ability to protect their interests, while establishing incompatible standards of conduct for Chervon. The proposed Classes thus satisfy the requirements of 735 ILCS § 5/2-801.

46.     **Declaratory and Injunctive Relief** – The Defendants have acted or refused to act on grounds generally applicable to Plaintiff and the other members of the Classes, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the members of the Classes as a whole. In particular, Plaintiff seeks to certify Classes to enjoin the Defendants from selling or otherwise distributing the Products until such time that the Defendants can demonstrate to the Court's satisfaction that the Products confer the advertised benefits and are otherwise safe to use as intended.

47.     Additionally, the Classes may be certified under 735 ILCS § 5/2-801and 735 ILCS

Case No._____

§ 5/2-802 because:

      a.     The prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members of the Classes that would establish incompatible standards of conduct for the Defendants;

      b.     The prosecution of separate actions by individual members of the Classes would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other members of the Classes not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

      c.     The Defendants have acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final and injunctive relief with respect to the members of the Classes as a whole.

## CAUSES OF ACTION

### COUNT I
### Unjust Enrichment
### (On Behalf of the Nationwide Class and, alternatively, the Subclass)

48.    Plaintiff incorporates the allegations set forth in Paragraphs 1-47 as though set forth fully herein.

49.    Plaintiff brings this claim against Chervon North America Inc. and Lowe's Home Centers, LLC on behalf of himself and the other members of the Nationwide Class and, alternatively, the State Subclass (the "Classes").

50.    Plaintiff, and the other members of the Classes, conferred a monetary benefit upon Defendants Chervon North America, Inc. and Lowe's Home Centers LLC by purchasing the defective batteries. These payments were not gifts or donations but were made in exchange for products that were falsely represented as safe and reliable.

51.    Defendants voluntarily accepted and retained these benefits. Chervon, as the manufacturer, marketed and distributed the defective batteries, while Lowe's profited by selling these hazardous products to consumers without adequate warnings of the known defect.

Case No._____

52.    The benefit was obtained unlawfully by both Defendants. Chervon misled consumers by distributing a product prone to catching fire, and Lowe's continued to sell these batteries despite the inherent dangers. Retaining these profits without disclosing the defect or refunding consumers is unjust and inequitable.

53.    The Defendants received revenues from the sales of these defective batteries at the expense of Plaintiff and the Classes, who would not have purchased the batteries had they been aware of the defect. The labeling and marketing of the products by Chervon and the sale by Lowe's were misleading and caused direct economic harm and risk of injury to Plaintiff and the Class.

54.    Defendants have been unjustly enriched by retaining the revenues derived from the sales of defective batteries. Retention of these revenues is inequitable because Defendants failed to disclose the known risks associated with their products, thereby misleading consumers and endangering their safety.

55.    Plaintiff and the members of the Classes seek restitution of the monies conferred upon Defendants as a result of their unjust enrichment. Defendants should be required to disgorge the profits obtained from the sale of defective batteries and provide restitution to Plaintiff and the Classes, as ordered by the Court.

## COUNT II
### Breach of Express Warranty
### (On Behalf of the Nationwide Class and, alternatively, the Subclass)

56.    Plaintiff incorporates the allegations set forth in Paragraphs 1-47 as though set forth fully herein.

57.    Plaintiff brings this claim against Chervon North America Inc. and Lowe's Home Centers, LLC on behalf of himself and the other members of the Nationwide Class and, alternatively, the State Subclass (the "Classes").

Case No._____

58.     Plaintiff and each member of the Classes formed a contract with Defendants Chervon North America Inc. and Lowes Home Centers, LLC at the time they purchased the Products.

59.     The terms of the contract included express warranties created by Defendants through affirmative representations, advertising, packaging, labeling, and marketing of the defective batteries.

60.     Defendants, through these marketing and advertising efforts, expressly warranted that the Products were safe, effective, and fit for their intended purpose. These warranties became part of the basis of the bargain between Plaintiff, Class Members, and Defendants.

61.     Chervon, as the manufacturer, made these affirmations of quality and safety through product labeling, packaging, and marketing materials. Lowe's, as the retailer, reinforced and relied upon these warranties by advertising, displaying, and selling the Products to consumers, thereby making its own express representations of the Products safety and fitness.

62.     Plaintiff and the Class Members fulfilled all conditions precedent to Defendants' liability under this contract, including purchasing the Products in reliance on Defendants' representations.

63.     Defendants breached their express warranties because the Products were defective, prone to overheating, and presented a serious fire hazard contrary to their representations. The Products failed to conform to the express affirmations and promises made by Chervon and Lowe's

64.     Plaintiff and Class Members would not have purchased the Products had they known the true nature of the risks, including the potential for fire hazards and injuries.

65.     As a direct and proximate result of Defendants' breach of express warranty, Plaintiff and Class Members suffered and continue to suffer financial damages, injury, and

Case No._____

economic losses. They are entitled to compensatory damages, attorneys fees, interest, and any other relief deemed appropriate by the Court.

**COUNT III**
**Breach of Implied Warranty**
**(On Behalf of the Nationwide Class and, alternatively, the Subclass)**

66.     Plaintiff incorporates the allegations set forth in Paragraphs 1-47 as though set forth fully herein.

67.     Plaintiff brings this claim against Chervon North America Inc. and Lowe's Home Centers, LLC on behalf of himself and the other members of the Nationwide Class and, alternatively, the State Subclass (the "Classes").

68.     Defendants Chervon North America Inc. and Lowe's Home Centers, LLC are merchants engaged in the business of manufacturing, distributing, warranting, and/or selling the Products.

69.     The Products are goods under the relevant laws, and at all times relevant, Defendants knew or had reason to know of the specific use for which these Products were purchased.

70.     Chervon, as the manufacturer, entered into agreements with retailers like Lowe's to distribute and sell the Products to consumers, including Plaintiff and Class Members, for personal and household use.

69. The implied warranty of merchantability, which applies to all sales of goods, means that Defendants warranted that the Products were fit for their ordinary Purpose-namely, to safely provide power to tools without posing unreasonable risks of harm.

Case No._____

70. However, Defendants breached the implied warranty of merchantability because the Products were defective, not fit for their intended use, and posed a risk of overheating and catching fire. As a result, they were unfit for their ordinary purpose of providing safe and reliable power.

71. This implied warranty applies to all purchasers of the Products, including Plaintiff and Class Members, because they reasonably relied on Defendants' status as merchants and sellers of safe, functional goods.

72. Privity of contract is not required, as Plaintiff and Class Members are the intended beneficiaries of Defendants' implied warranties. Chervon's warranties were created for the benefit of consumers, including Plaintiff and Class Members, and Lowe's as a retailer, extended these implied warranties by selling the defective Products to consumers.

73. Defendants were on notice of the defects through consumer complaints, reports of overheating incidents, and the recall of the Product, yet failed to address these defects before selling the Products to consumers.

74. Had Plaintiff, Class Members, and other consumers known that the Products posed an overheating and fire risk, they would not have purchased them or would have paid significantly less.

75. As a direct and proximate result of Defendants' breach of the implied warranty of merchantability, Plaintiff and Class Members suffered and continue to suffer financial harm, injury, and other damages. Plaintiff and the Classes seek all available damages, including compensatory damages, attorneys' fees, interest, and any other relief deemed appropriate by the Court.

Case No._____

## COUNT IV
### Breach of the Implied Warranty of Merchantability
### (On Behalf of the Nationwide Class, or alternatively, on behalf of the Subclass)

71.     Plaintiff incorporates the allegations set forth in Paragraphs 1-47 as though set forth fully herein.

72.     Plaintiff brings this claim against Chervon North America Inc. Lowe's Home Centers, LLC on behalf of himself and the other members of the Nationwide Class and, alternatively, the State Subclass (the "Classes").

73.     Defendants are merchants engaged in the sale of goods, including the defective batteries, to Plaintiff and the Classes.

74.     There was a sale of goods from Chervon to Lowe's and from Lowe's to Plaintiff and Class Members, thereby establishing a commercial relationship between Defendants and consumers.

75.     As the developer, manufacturer, marketer, distributor, and seller of the defective Products, Chervon and Lowe's each impliedly warranted that the Products were merchantable and fit for their intended use-to safely provide power to tools.

76.     However, contrary to these representations, the Products were defective and unfit for their ordinary use, as they posed a significant risk of overheating and catching fire, which was not disclosed to consumers at the time of sale.

77.     Defendants breached the implied warranty of merchantability by selling products that were inherently defective and not suitable for their ordinary and intended purpose.

78.     Defendants were on notice of this breach, as they were aware of adverse health and safety risks caused by overheating and potential ignition yet failed to take corrective action before selling the Products.

Case No._____

79.     Plaintiff and Class Members did not receive the goods as bargained for, as the Products were not merchantable, did not conform to industry standards, and failed to meet the quality and safety expectations of similar goods.

80.     Plaintiff and Class Members are intended beneficiaries of the implied warranties, as they reasonably relied on Defendants' expertise and reputation as merchants when purchasing the Products.

81.     Plaintiff and Class Members did not alter the Products, and they used them in the ordinary and intended manner.

82.     The Products were defective at the time they left the exclusive control of Defendants, meaning that both Chervon and Lowe's bear responsibility for the defect.

83.     The Products were defectively designed and/or manufactured, making them unfit for their intended purpose and rendering them non-merchantable under applicable laws.

84.     Plaintiff and Class Members purchased the Products without knowing of the latent defect, which was undiscoverable at the time of purchase but existed when the Products left Defendants' control.

85.     As a direct and proximate result of the defective Products, Plaintiff and Class Members suffered damages, including, but not limited to, the cost of purchasing the defective product, loss of use, and other related damages.

86.     Defendants attempted to limit or disclaim their implied warranties, but any such disclaimers are unenforceable and void, as a product that poses safety risks cannot be lawfully sold under the implied warranty of merchantability.

87.     Plaintiff and Class Members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and

Case No._____

equitable relief, and all costs and attorneys' fees available under law.

## COUNT V
### Fraudulent Concealment
**(On Behalf of the Nationwide Class, or alternatively, on behalf of the Subclass)**

88.     Plaintiff incorporates the allegations set forth in Paragraphs 1-47 as though set forth fully herein.

89.     Plaintiff brings this claim against Chervon North America Inc. and Lowe's Home Centers, LLC on behalf of himself and other members of the Nationwide Class and, alternatively, the State Subclass (the "Classes")

90.     Defendants had a duty to disclose material facts to Plaintiff and Class Members given their relationship as contracting parties and intended users of the Products.

91.     Defendants had superior knowledge about the defective nature of the product at issue, particularly the risk of overheating and catching fire, which made them unfit for ordinary use.

92.     During this time, Plaintiff and Class Members were using the Products without knowing of these fire risks, reasonably believing that the Products were safe for use.

93.     Chervon, as the manufacturer, knew or should have known about the defect but failed to warn consumers, retailers, or regulators. Lowe's, as the retailer, continued to sell the Product despite the defect, and either knew or should have known about the risk, particularly if the recall had already been issued.

94.     Defendants failed to disclose these material facts with the intent to induce consumers into purchasing the Products, despite the latent defect. This failure constitutes fraudulent concealment, as Defendants intentionally withheld critical safety information that, if disclosed, would have affected consumer purchasing decisions.

Case No._____

95.    Plaintiff and Class Members reasonably relied on Defendants' failure to disclose, believing that the Products were safe when, in fact, they were not.

96.    Had Plaintiff and Class Members known the true risks, they would not have purchased the Products or would have paid significantly less.

97.    As a direct and proximate result of Defendants' fraudulent concealment, Plaintiff and Class Members suffered financial losses, including the cost of purchasing defective Products, the risk of harm, and the devaluation of their purchases.

98.    Because Defendants acted with willful and malicious intent, punitive damages are warranted to deter future misconduct and punish Defendants for knowingly concealing critical safety information from consumers.

**COUNT VI**
**Strict Liability – Failure to Warn**
**(On Behalf of the Nationwide Class, or alternatively, on behalf of the Subclass)**

99.    Plaintiff incorporates the allegations set forth in Paragraphs 1-47 as though set forth fully herein.

100.    Plaintiff brings this claim against Chervon North America Inc. and Lowe's Home Centers, LLC on behalf of himself and the other members of the Nationwide Class and, alternatively, the State Subclass (the "Classes").

101.    Defendants Chervon North America Inc.  and Lowe's Home Centers, LLC had a duty to warn Plaintiff and Class Members about the Defect and the true risks associated with the Products.

102.    Chervon, as the manufacturer, was in a superior position to know about the Defect and its dangerous propensity to overheat and catch fire. However, Chervon failed to warn consumers, retailers, and regulatory agencies about the risks when it had the opportunity to do so.

Case No._____

103.    Lowe's, as the retailer, also failed to provide adequate warnings regarding the risks of the Products before or at the time of sale, particularly if it continued selling the Products despite knowledge of the recall or other safety concerns.

104.    Defendants had access to critical safety information regarding the fire hazards associated with the Products, yet failed to warn Plaintiff and Class Members, leaving them unaware of the dangers.

105.    Despite knowing the risks, Defendants did not strengthen their warnings or provide adequate safety disclosures before selling the Products. Instead, Defendants actively concealed or ignored the need for stronger warnings, prioritizing sales over consumer safety.

106.    Plaintiff and Class Members would not have purchased, chosen, or paid for the Products had they known of the risk of overheating and fire. Because Defendants failed to provide proper warnings, consumers were deprived of their right to make an informed purchasing decision.

107.    The Defect proximately caused Plaintiff's and Class Members' damages, as they purchased and used a product that posed an unreasonable risk of harm without their knowledge.

108.    The Plaintiff and Class Members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, and all costs and attorneys' fees available under law.

## COUNT VII
### Strict Liability – Design Defect
### (On Behalf of the Nationwide Class, or alternatively, on behalf of the Subclass)

109.    Plaintiff incorporates the allegations set forth in Paragraphs 1-47 as though set forth fully herein.

110.    Plaintiff brings this claim against Chervon North America Inc. and Lowe's Home Centers, LLC on behalf of himself and the other members of the Nationwide Class and,

Case No._____

alternatively, the State Subclass (the "Classes").

111.    The design of the SKIL PWRCORE 40 Lithium 5.0Ah batteries was defective and unreasonably dangerous, making the Products unsafe for consumer use.

112.    The risk of overheating and igniting into flames while Plaintiff and Class Members used the Products caused exposure to harmful materials and posed a serious risk of injury or property damage.

113.    The design defect rendered the Products not reasonably fit, suitable, or safe for their intended purpose, violating consumer safety expectations.

114.    The risk of fire and overheating outweighed the benefits of the Products, making them unreasonably dangerous to consumers.

115.    There were alternative, safer battery designs available, including other lithium-ion batteries that did not overheat or pose a similar fire risk, meaning Defendants had the ability to manufacture a safer product but failed to do so.

116.    Defendants could have implemented safer design modifications that would have reduced or eliminated the fire risk, such as improved thermal management systems, enhanced safety circuits, or better casing materials, but failed to do so.

117.    Because the Products were unreasonably unsafe and did not perform as an ordinary consumer would expect, they should not have been sold to consumers.

118.    Lowe's is strictly liable for selling the defective product, as strict liability applies to all entities in the chain of distribution, including retailers.

119.    Plaintiff and Class Members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, and all costs and attorneys' fees available under law.

Case No._____

## COUNT VIII
### Negligent Failure to Warn
**(On Behalf of the Nationwide Class, or alternatively, on behalf of the Subclass)**

120.     Plaintiff incorporates the allegations set forth in Paragraphs 1-47 as though set forth fully herein.

121.     Plaintiff brings this claim against Chervon North America Inc. and Lowe's Home Centers, LLC on behalf of himself and the other members of the Nationwide Class and, alternatively, the State subclass (the "Classes").

122.     Chervon North America Inc. and Lowe's Home Centers, LLC owed Plaintiff and Class Members a duty of care to warn of any risks associated with the Products.

123.     Chervon, as the manufacturer, knew or should have known that the defective product posed a significant risk of overheating and catching fire but failed to warn Plaintiff and Class Members.

124.     Lowe's, as the retailer, had a duty to warn consumers if it had knowledge or reason to know about the defect including through prior consumer complaints, product recalls, or other safety notices" but failed to provide adequate warnings before or at the time of sale.

125.     Plaintiff and Class Members had no way of knowing about the Product's latent defect, as an ordinary consumer would not expect the Product to catch fire under normal use.

126.     Defendants' breach of their duty to warn caused Plaintiff and Class Members to suffer economic damages and physical injuries, including the risk of burns, smoke inhalation, and property damage.

127.     Plaintiff and Class Members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, as well as costs and attorneys' fees available under law.

Case No._____

**COUNT IX**
**Negligent Design Defect**
**(On Behalf of the Nationwide Class, or alternatively, on behalf of the Subclass)**

128.    Plaintiff incorporates the allegations set forth in Paragraphs 1-47 as though set forth fully herein.

129.    Plaintiff brings this claim against Chervon North America Inc. and Lowe's Home Centers, LLC on behalf of himself and the other members of the Nationwide Class and, alternatively, the State Subclass (the "Classes").

130.    Chervon, as the manufacturer, and Lowe's, as the retailer, owed Plaintiff and Class Members a duty of care to design, manufacture, and sell Products that were safe for their intended use.

131.    The design of the SKIL PWRCORE 40 Lithium 5.0Ah batteries was defective and unreasonably dangerous, causing exposure to fire, smoke, and the risk of severe injury or property damage.

132.    The design of the Products rendered them unfit, unsuitable, and unsafe for their intended purpose, as the risk of overheating and catching fire far outweighed any benefits of the Product.

133.    There were alternative, safer battery designs available, including other lithium-ion batteries that did not overheat or pose similar fire risks, meaning Defendants could have implemented a safer design but failed to do so.

134.    Defendants had access to industry knowledge, safety reports, and consumer complaints that should have alerted them to the defective nature of the Product.

135.    Lowe's was negligent in selling the defective Products, as it either knew or should have known that the design was unreasonably dangerous, particularly if the recall had been issued

Case No._____

or customer complaints had been received before further sales.

136.     The negligent design of the Product was the proximate cause of Plaintiff's and Class Members' damages, as it posed an inherent and foreseeable risk of harm that Defendants failed to address.

137.     Plaintiff and Class Members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, and all costs and attorneys' fees available under law.

## COUNT X
### Negligence

138.     Plaintiff incorporates the allegations set forth in Paragraphs 1-47 as though set forth fully herein.

139.     Plaintiff brings this claim against Chervon North America Inc. and Lowe's Home Centers, LLC on behalf of himself and the other members of the Nationwide Class and, alternatively, the State Subclass (the "Classes").

140.     Chervon and Lowe's owed a duty of care to consumers to design, manufacture, distribute, and sell products that were reasonably safe for their intended use.

141.     Defendants breached this duty by producing and selling a product that was defective, unreasonably dangerous, and unfit for its intended purpose. The SKIL PWRCORE 40 Lithium 5.0Ah batteries posed a foreseeable risk of overheating, catching fire, and causing serious injury.

142.     Chervon, as the manufacturer, failed to properly design and test the product to ensure its safety before placing it into the stream of commerce. Lowe's, as the retailer, negligently sold the product without proper warnings, quality assurance measures, or recalls, despite the known risks.

Case No._____

143.    Defendants knew or should have known that the Batteries had a significant risk of overheating yet failed to take reasonable steps to prevent foreseeable harm to consumers.

144.    As a direct and proximate result of Defendants' negligence, Plaintiff suffered economic damages, injuries, and deprivation of the benefit of the bargain, as the product did not perform as reasonably expected and was unsafe for use.

145.    Further, Defendants' negligence directly caused harm to Plaintiff and Class Members, as it was foreseeable that a poorly designed and untested battery would overheat, catch fire, and cause injury. It was also foreseeable that consumers would lose the benefit of their purchase if they received a defective and worthless product.

146.    Plaintiff suffered damages in an amount to be determined at trial and Plaintiff is entitled to any incidental, consequential, and other damages and other legal and equitable relief, as well as costs and attorneys' fees, available under law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Classes alleged herein, respectfully request that the Court enter judgment in his favor and against the Defendants as follows:

A.    For an order certifying the class and naming Plaintiff as the representative for the Classes and Plaintiff's attorneys as Class Counsel;

B.    For an order declaring the Defendants' conduct violates the causes of action referenced herein;

C.    For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

D.    For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

E.    For prejudgment interest on all amounts awarded;

F.    For an order of restitution and all other forms of equitable monetary relief;

Case No._____

G.    For injunctive relief as pleaded or as the Court may deem proper; and

H.    For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR JURY TRIAL

Pursuant to 735 Illinois Compiled Statutes § 5/2-1105, Plaintiff demands a trial by jury of any and all claims in this Complaint and of any and all issues in this action so triable as of right.

Respectfully submitted,

WALTON TELKEN, LLC

By: */s/ Troy E. Walton*
Troy E. Walton, #6274303
209 East Schwarz Street
Edwardsville, IL 62025
618.307.9880 – Telephone
618.307.9881 – Facsimile
twalton@waltontelken.com

and

Paul J. Doolittle *(pro hac vice forthcoming)*
Poulin | Willey | Anastopoulo
32 Ann Street
Charleston, SC 29403
803.222.2222 – Telephone
paul.doolittle@poulinwilley.com

**Attorneys for Plaintiff and the Putative Classes**

Case No._____